United States District Court
Southern District of Texas
**ENTERED**
February 18, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN R. GIESE, | § | |
| *Plaintiff,* | § § § | |
| v. | § § | CIVIL ACTION H-20-2626 |
| TETRA TECHNOLOGIES, INC., | § § § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendant TETRA Technologies, Inc.'s ("TETRA") motion to alter or amend a portion of the court's order. Dkt. 34. After reviewing the motion, response, reply, and the applicable law, the court is of the opinion that the motion should be DENIED.

## I. BACKGROUND

This case involves claims for indemnification and breach of contract following TETRA's acquisition of JRGO Energy Services, Inc. ("JRGO"). *See* Dkts. 1, 8. When TETRA acquired JRGO, it executed an Equity Interest Purchase Agreement ("EIPA") with plaintiff John R. Giese ("Giese") and third-party defendant Richard Vanek. *See* Dkt. 17, Ex. 1. The court has outlined the background of this dispute and will not repeat it here in its entirety. *See* Dkt. 30.

Relevant to the instant motion, the EIPA contains mutual indemnification provisions. Dkt. 17, Ex. 1 §§ 8.2–8.3. The EIPA requires the indemnified party to provide written notice within 30 days of a claim or demand subject to payment under the mutual indemnification provisions. *Id.* § 8.4(a). Section 8.4(a) also states that "[t]he indemnifying Party shall have the right, at its sole option and expense, to be represented by counsel of its choice, and to defend against, negotiate, settle or otherwise deal with any Indemnification Claim." *Id.*

The EIPA has three requirements for a written notice of an indemnification claim: (1) a description of the indemnification claim in reasonable detail; (2) copies of all material written evidence; (3) the estimated amount of the loss, if reasonably practicable. *Id.*  In an order dated November 22, 2021 (the "Nov. 22 Order"), the court determined that an email from TETRA's counsel to Giese (the "Feb. 4 Email") did not constitute written notice of an indemnification claim. Dkt. 30 at 8.  The Feb. 4 Email is succinct and starts by referring to an earlier conversation where copies of the Sowards Contracts were requested.  *See* Dkt. 17, Ex. 7 at 104–05.  Next, the attached documents are described as three rental agreements and a demand letter from Sowards.  *Id.*  Finally, the Feb. 4 Email requests that Giese not reach out to Sowards or Wynkoop directly.  *Id.*

The court concluded that the Feb. 4 Email did not meet the requirements for written notice of an indemnification claim because "at no time does the Feb. 4 Email hint at an indemnification claim—let alone describe one in reasonable detail as required by section 8.4(a)."  Dkt. 30 at 8.  TETRA's motion to alter or amend the court's order argues that the court erred and that the Feb. 4 Email constitutes valid written notice of an indemnification claim.  Dkt. 34.

## II. Legal Standard

Federal Rule of Civil Procedure 54(b) governs motions to reconsider orders that do not dispose of every claim or adjudicate the rights of all parties to a case.  Fed. R. Civ. P. 54(b); *Cabral v. Brennan*, 853 F.3d 763, 766 (5th Cir. 2017); *see also Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 474–75 (M.D. La. 2002).  An order governed by Rule 54(b) "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b).  The court has broad discretion to revise orders under Rule 54(b), and the standard of review for a Rule 54(b) motion is "typically

held to be less exacting" than the standard for Rule 59(e) motions. *Livingston Downs*, 259 F. Supp. 2d at 475. However, courts may look to Rule 59(e) for guidance in considering a Rule 54(b) motion. *Id.* "[A] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

### III. ANALYSIS

The court previously determined that the EIPA sets forth three requirements for a valid written notice of an indemnification claim: "(1) a description of the indemnification claim in reasonable detail; (2) copies of all material written evidence; (3) the estimated amount of the loss, if reasonably practicable." Dkt. 30 at 8. Further, the court concluded that the Feb. 4 Email did not satisfy these requirements because "at no time does the Feb. 4 Email hint at an indemnification claim—let alone describe one in reasonable detail as required by section 8.4(a)." *Id.*

TETRA's motion to amend assumes that the court used "indemnification claim" to mean a "demand for indemnification." Dkt. 34 ¶ 4. This assumption is incorrect. The EIPA defines an indemnification claim as follows:

> In the event that any Legal Proceedings shall be instituted or that any claim or demand shall be asserted by any Person in respect of which payment may be sought under Section 8.2 or Section 8.3 hereof (regardless of the limitations set forth in Section 8.5) (an "Indemnification Claim").

Dkt. 17, Ex. 1 § 8.4(a). Sections 8.2 and 8.3 cover the obligations to indemnify by the sellers and purchasers, respectively. *Id.* §§ 8.2–8.3. The court agrees that equating an "indemnification claim" and a "demand for indemnification" would be incorrect because an "indemnification claim" is defined more broadly. However, the Nov. 22 Order did not conclude the Feb. 4 Email was not

3

a "demand for indemnification." *See* Dkt. 30 at 7–9. Instead, the court used the term "indemnification claim" in the way the parties defined it in the EIPA. *Id.*

TETRA argues that the requirements for a valid written notice should be read as follows: "the indemnified Party shall reasonably and promptly cause written notice of the assertion of such third[-]party demand, cla[i]m or 'Legal Proceeding.'" Dkt. 34 ¶ 10. TETRA then argues that the third-party demand letter attached to the Feb. 4 Email satisfies this reading. *Id.* ¶ 12. TETRA's argument fails because it omits critical parts of the EIPA's definition of an indemnification claim. *See id.* ¶¶ 10–12. Under TETRA's reading, any third-party demand letter would suffice; however, the EIPA makes it clear that a demand letter must be one in which payment could be sought under section 8.2 or 8.3 to satisfy the definition of an indemnification claim. *See id.* At no point does the Feb. 4 Email indicate that the attached third-party demand is in any way related to Giese's obligation to indemnify under section 8.2. *See* Dkt. 17, Ex. 7 at 104–05. Therefore, the court reiterates its conclusion that "at no time does the Feb. 4 Email hint at an indemnification claim— let alone describe one in reasonable detail as required by section 8.4(a)." Dkt. 30 at 8.

Critically, section 8.4(a) provides that an "indemnifying Party shall have the right, at its sole option and expense, to be represented by counsel of its choice, and to defend against, negotiate, settle or otherwise deal with any Indemnification Claim." Dkt. 17, Ex. 1 ¶ 8.4(a). Thus, the EIPA unambiguously provides the parties' purpose for the written notice requirement: to allow the indemnifying party the opportunity to exercise their rights of representation, defense, negotiation, and settlement. *See id.* However, the Feb. 4 Email directs Giese not to reach out to Sowards or Wynkoop directly. Dkt. 17, Ex. 7 at 104–05. Such a request is directly counter to Giese's rights under the EIPA had the Feb. 4 Email been a written notice of an indemnification

4

claim. *See* Dkt. 17, Ex. 1 § 8.4(a). The court concludes that this request is a representation by TETRA that the Feb. 4 Email was not intended to be a written notice of an indemnification claim and further supports the court's conclusion that the Feb. 4 Email was not a valid written notice of an indemnification claim.

Thus, the court finds there was no manifest error of law or fact in the Nov. 22 Order. *See* Dkt. 30. Therefore, TETRA's motion to amend the court's order (Dkt. 34) is DENIED.

### IV. CONCLUSION

For the reasons given above, TETRA's motion to alter or amend the court's order (Dkt. 34) is DENIED.

Signed at Houston, Texas on February 18, 2022.

_____
Gray H. Miller
Senior United States District Judge