United States District Court
Southern District of Texas
**ENTERED**
July 01, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHN R. GIESE, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION H-20-2626 |
| § | |
| TETRA TECHNOLOGIES, INC., § | |
| § | |
| *Defendant*. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff John R. Giese's motion for attorneys' fees. Dkt. 72. After reviewing the motion, response, reply, surreply, case record, and the applicable law, the court is of the opinion that Giese's motion should be GRANTED and that an award of $487,954.77 in attorneys' fees is reasonable.

## I. BACKGROUND

This is a breach of contract case arising from the sale of JRGO Energy Services, LLC to defendants TETRA Technologies, Inc. ("TETRA"). Dkt. 37 at 2. Giese and third-party defendant Richard Vanek (collectively, the "Sellers") sold JRGO to TETRA in 2018. Dkt. 30 at 1. The Sellers and TETRA executed the Equity Interest Purchase Agreement ("EIPA") to govern the sale. *Id*. The EIPA contained a mutual indemnification provision. Dkt. 63, Ex. 1 § 8.2(a)(v). Additionally, the parties executed an escrow agreement alongside the EIPA. Dkt. 65, Ex. 15. If TETRA did not make an indemnification claim, the escrow agent was required to release funds to the Sellers according to a specified schedule, with the final payment set for June 6, 2020. *Id*. On June 5, 2020, TETRA sent Giese a notice of indemnification and instructed the escrow agent not to disperse the remaining balance. Dkt. 65, Ex. 4.

On July 27, 2020, Giese commenced the instant lawsuit with claims for a declaratory judgment and breach of contract. Dkt. 1. TETRA responded by filing a third-party complaint against the Sellers alleging breach of the EIPA. Dkt. 8. The parties argued the case to a jury during a four-day trial. *See* Dkts. 50–60. The court conducted a charge conference on the morning of the last day of trial. *See* Dkt. 56. Prior to the charge conference, the parties' proposed jury verdict form included a question on whether TETRA breached the EIPA. *See* Dkt. 37, Ex. 5. At the conference, Giese proposed removing the question about whether TETRA breached as unnecessary, and TETRA agreed to remove the question. Trial Tr. 13:11–14:21 (May 5, 2022, AM). The parties then submitted their agreed jury charge and verdict form, which the court adopted. *See* Dkt. 57. The jury answered the first question and found that Giese did not breach the EIPA. Dkt. 60. at 1. The jury then skipped to question five, as instructed, and awarded $500,000 in damages "that resulted from TETRA's failure to comply with the Purchase Agreement." *Id.* at 5.

The court's final judgment ordered the parties to issue joint instructions to release the $500,000 held in escrow to Giese. Dkt. 71. In the joint pretrial order, the parties agreed that the court would handle the issue of attorneys' fees through motion practice after the jury's verdict. Dkt. 37 at 25 n.7. Giese timely filed the instant motion for attorneys' fees before the deadline set in the final judgment. *See* Dkts. 71, 72.

## II. LEGAL STANDARD

"Under the bedrock principle known as the American Rule, each litigant pays his own attorneys' fees, win or lose, unless a statute or contract provides otherwise." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 382, 133 S. Ct. 1166 (2013) (cleaned up). The court must "not deviate from

2

the American Rule 'absent explicit statutory authority.'" *Baker Botts L.L.P. v. ASARCO LLC*, 576 U.S. 121, 126, 135 S. Ct. 2158, (2015) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Hum. Res.*, 532 U.S. 598, 602, 121 S. Ct. 1835 (2001). "State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision." *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

Under Texas law, a plaintiff "may recover reasonable attorneys' fees" when prevailing on a claim that is for "an oral or written contract." Tex. Civ. Prac. & Rem. Code § 38.001(b)(8). "To recover attorneys' fees under this statute, a party must first prevail on the underlying claim *and* recover damages." *In re Nalle Plastics Fam. Ltd. P'ship*, 406 S.W.3d 168, 173 (Tex. 2013) (emphasis original). The Texas Supreme Court has concluded that "lodestar presumptively produces a reasonable fee." *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 765 (Tex. 2012). Thus, the court's "starting point for calculating an attorney's fee award is determining the reasonable hours worked multiplied by a reasonable hourly rate, and the fee claimant bears the burden of providing sufficient evidence on both counts." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 498 (Tex. 2019). "Sufficient evidence includes, at a minimum, evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services." *Id.*

## III. ANALYSIS

### A. Statutory Basis for an Award of Attorneys' Fees

Giese argues that the jury's verdict form—specifically the award of damages on question five—supports an award of attorneys' fees under Tex. Civ. Prac. & Rem. Code § 38.001. Dkt. 72 at 7–8. The court agrees.

The parties chose to remove the question of whether TETRA breached the EIPA from the jury verdict form during the charge conference, and the court adopted the verdict form agreed on by the parties. *See* Dkt. 60. After receiving all the evidence, the jury answered the first question on the jury verdict form and found that Giese did not breach the EIPA. *Id.* at 1. Following the verdict form's instructions, the jury skipped to question five and awarded $500,000 in damages "that resulted from TETRA's failure to comply with the Purchase Agreement." *Id.* at 5.

TETRA argues that the jury's verdict does not include a finding that TETRA breached the EIPA and that without such a finding, Giese cannot be considered a prevailing party on a breach of contract claim for section 38.001. Dkt. 74 at 6–7. Question five is based on the Texas pattern jury charge for damages on a breach of contract claim. *Compare* Dkt. 60 at 5, *with* Tex. Pattern Jury Charge 115.3. TETRA agreed not only to omit the question on whether TETRA breached, but also to the substance and form of question five. *See* Dkt. 60. In other words, TETRA agreed to instruct the jury, in the explicit language of question five, that it had breached the EIPA. *See id.* By instructing the jury to determine the amount of damages caused by TETRA's breach, the court concludes that TETRA stipulated that it had in fact breached the EIPA. Therefore, Giese prevailed on his breach of contract claim when the jury rejected TETRA's prior material breach defense and awarded $500,000 in damages.

4

The court recognizes that TETRA's stipulation in question five directly contradicts its position during the charge conference. *See* Trial Tr. 3:4–13:1 (May 5, 2022, AM). However, the parties sent their agreed jury verdict form to the court after making changes discussed at the charge conference. *See* Dkt. 60. The agreed jury verdict form explicitly stipulates that TETRA breached the EIPA. *Id.* at 5. The court cannot remove that agreed, explicit stipulation when considering whether to award attorneys' fees merely because TETRA previously took a conflicting position.

TETRA argues that, had the question of breach been sent to the jury, there would have been no basis on which the jury could find a breach occurred. Dkt. 74 at 7. This argument is not persuasive. If TETRA wanted to pursue the argument that it did not breach the EIPA, it could have asked the court to submit the question to the jury. Instead, TETRA agreed that the jury verdict form should include a stipulation that it breached the EIPA. *See* Dkt. 60 at 5. TETRA may not now withdraw its consent and relitigate the question of breach to avoid an award of attorneys' fees.

Finally, TETRA argues that Giese did not receive actual damages but merely a judicial decree that the funds in escrow must be released. Dkt. 74 at 7–8. This argument misconstrues the situation. In the final judgment, the court ordered the parties to issue joint instructions to the escrow agent to release the funds to Giese. Dkt. 71. However, that order was the mechanism— also agreed on by the parties—by which the jury's award of actual damages for Giese's breach of contract claim was executed. *See id.* The final judgment does not transform the jury's award of actual damages for the breach of contract claim into an equitable remedy. The court concludes that Giese prevailed on his breach of contract claim, was awarded actual damages, and is entitled to attorneys' fees under section 38.001(b)(8). *See In re Nalle Plastics*, 406 S.W.3d at 173.

5

## B. Reasonable Attorneys' Fees Award

Giese seeks an award of $625,273.50 based on a lodestar calculation of the hours billed at the regular rates for the attorneys and staff involved in this case. Dkt. 72, Ex. 1 ¶ 33. In support of this award, Giese provided declarations asserting the reasonableness of the fees and an itemized list of invoices. Dkts. 72, Exs. 1–4; 77, Ex. 1. TETRA does not dispute that the hourly rates in Giese's lodestar calculation are reasonable. Dkt. 74 at 10. However, TETRA does ask the court to reduce the number of reasonable hours worked due to work performed by legal assistants, block billing, duplicative work, excessive work, and inadequately documented time. Dkt. 74, Exs. 3, 3-A, 3-B, 3-C; *see also id.* at 10–18.

TETRA asks the court to subtract $7,362.04 charged for the work of legal assistants, reduce the award by twenty percent for the lack of billing judgment, and further reduce the award by another twenty percent for block billing. Dkt. 74, Ex. 3 ¶¶ 10–11. As a preliminary matter, the court disagrees with TETRA's framing of the analysis that separates block billing from lack of billing judgment because block billing is a form of inadequate documentation. *See Kiewit Offshore Servs. Ltd. v. Dresser-Rand Glob. Servs., Inc.*, No. CV H-15-1299, 2017 WL 2599325, at *4–5 (S.D. Tex. June 15, 2017) (Miller, J.) (analyzing block billing along with overstated time changes, duplication of efforts, and attorneys performing clerical work under lack of billing judgment). However, the court agrees that the charges for the work of the legal assistants are not recoverable, and a decrease in Giese's lodestar calculation is appropriate for the lack of billing judgment.

### 1. Work Performed by Legal Assistants

Under Texas law, "[a] party may separately assess and include in the award of attorneys' fees compensation for a legal assistant's work, if that assistant performs work traditionally done

6

by an attorney." *Multi-Moto Corp. v. ITT Commercial Fin. Corp.*, 806 S.W.2d 560, 570 (Tex. App.—Dallas 1990, writ denied). Such an award requires evidence of:

> (1) the qualifications of the legal assistant to perform substantive legal work; (2) that the legal assistant performed substantive legal work under the direction and supervision of an attorney; (3) the nature of the legal work performed; (4) the legal assistant's hourly rate; and (5) the number of hours expended by the legal assistant.

*Id.* (citing *Gill Sav. Ass'n v. Int'l Supply Co.*, 759 S.W.2d 697, 702 (Tex. App.—Dallas 1988, writ denied)). TETRA argues that the court should exclude $7,362.04 in charges by legal assistants because Giese does not include the required evidence to show those charges are recoverable. Dkt. 74 at 17. The court agrees.

Giese must provide evidence of "the nature of the legal work performed." *See Multi-Moto*, 806 S.W.2d at 570. To this end, Giese provides the declaration of Joseph F. Lavine, which states the "practice support team provides litigation and trial support services to its attorneys." Dkt. 72, Ex. 1 ¶ 27. However, the declaration does not describe the nature of the legal work performed nor that it is work traditionally done by an attorney. *See id.* Mr. Lavine's second declaration is similarly deficient. *See* Dkt. 77, Ex. 1. Finally, the itemized time records do not show that this support team performed work traditionally done by an attorney. *See* Dkt. 72, Ex. 2. Therefore, the court has received no evidence that these charges are recoverable and will subtract $7,362.04 from the proposed lodestar calculation.

### 2. Lack of Billing Judgment

"[P]laintiffs seeking attorney's fees are charged with the burden of showing the reasonableness of the hours billed and, therefore, are also charged with proving that they exercised billing judgment." *Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006). The court must exclude "hours that were not reasonably expended," and the party seeking

7

attorneys' fees "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933 (1983). "The hours surviving this vetting process are those reasonably expended on the litigation." *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). TETRA argues that Giese's lodestar calculation shows a lack of billing judgment due to block billing, duplicative work, excessive work, and inadequately documented time. *See* Dkt. 74 at 10–16. The court will look at each alleged deficiency before determining the appropriate number of hours to reduce from the lodestar calculation.

  *i. Block Billing*

A request for attorneys' fees must be supported by more than generalities, and there must be "evidence of the time spent on specific tasks;" otherwise, the court has "insufficient information to meaningfully review the fee request." *Long v. Griffin*, 442 S.W.3d 253, 255 (Tex. 2014). "The term 'block billing' refers to the disfavored 'time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks.'" *Castro v. Precision Demolition LLC*, No. 3:15-CV-0213-D, 2017 WL 6381742, at *6 (N.D. Tex. Dec. 14, 2017) (quoting *Fralick v. Plumbers & Pipefitters Nat'l Pension Fund*, 2011 WL 487754, at *4 (N.D. Tex. Feb. 11, 2011)). "When time records are block billed, the court cannot accurately determine the number of hours spent on any particular task, and the court is thus hindered in determining whether the hours billed are reasonable." *Barrow v. Greenville Indep. Sch. Dist.*, No. 3:00-CV-0913-D, 2005 WL 6789456, at *4 (N.D. Tex. Dec. 20, 2005) (collecting cases), *aff'd*, No. 06-10123, 2007 WL 3085028 (5th Cir. Oct. 23, 2007).

TETRA points out multiple examples of block billing. *See* Dkt. 74, Ex. 5. After a thorough review of Giese's invoices, the court concludes that while Giese's attorneys itemized much of the time they spent on specific tasks, there are numerous examples of large blocks of time with a generalized description that frustrate the determination of whether the hours spent were reasonable. The court concludes that the presence of block billing weighs in favor of reducing the award, and it will consider this factor when determining the final award.

ii. *Duplicative Work*

TETRA argues that Giese's attorneys performed duplicative work by staffing two attorneys on tasks where only one was necessary. Dkt. 74 at 10–13. "The most egregious example" of the alleged duplicative work is billing for two attorneys to prepare for and attend a deposition when only one attorney asked questions. *Id.* at 11. Under these circumstances, the court concludes that having two attorneys prepare for and attend depositions is reasonable. As this is the most "egregious example" of the alleged duplicative work, the court will allow the hours billed without reduction.

iii. *Excessive Work*

TETRA also complains that the invoices include excessive work, including research on state procedural law for a lawsuit in federal court, time billed by an attorney who only spent a few hours consulting on the case, and staffing three attorneys to produce demonstratives. Dkt. 74 at 13–14. Under these circumstances, the court concludes that researching state procedural law when deciding where to file suit and consulting with another experienced attorney is reasonable. The court will allow the hours billed for those tasks without reduction.

Concerning the demonstratives, TETRA notes that three attorneys billed 85.9 hours while a legal assistant billed 1 hour in creating these demonstratives. Dkt. 74, Ex. 3 ¶ 6. The court agrees with Giese's response that the creation of demonstratives is intertwined with trial strategy, and it is reasonable for attorneys to spend time developing these tools. *See* Dkt. 77 ¶ 2. However, the disparity between hours charged by the attorneys and the legal assistant indicates that many of these hours were likely spent on clerical tasks rather than considerations of legal strategy, and such time ought to be billed at a lower rate. *See Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717 (5th Cir. 1974) ("Such non-legal work may command a lesser rate. Its dollar value is not enhanced just because a lawyer does it."), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989). The court will consider this when determining the final award.

    *iv. Inadequately Documented Time*

TETRA complains that many of the time entries contain descriptions that are too generalized to determine their reasonableness, including one completely redacted entry for 0.2 hours. Dkt. 74 at 14–15. Giese admits the redacted entry ought to be excluded. Dkt. 77 ¶ 3. For the remaining time entries, Giese's request must be supported by more than generalities; otherwise, the court has "insufficient information to meaningfully review the fee request." *See Long*, 442 S.W.3d at 255. After a thorough review of Giese's invoices, the court concludes that many of the time entries contain overly generalized descriptions that prevent the court from determining whether the hours spent were reasonable. Inadequately documented time weighs in favor of a reduction of the award of attorneys' fees, and the court will consider this factor when determining the final award.

*v. Billing Judgment Deduction*

After careful review of the record, the court concludes that a twenty percent reduction of Giese's proposed lodestar calculation is appropriate considering the abovementioned issues, including block billing, excessive work, and inadequately documented time. Giese incurred $617,305.50 in attorneys' fees. Dkt. 72, Ex. 1 ¶ 33. First, the court subtracts $7,362.04 for the work performed by Giese's practice support team that is not recoverable under Texas law ($617,305.50 - $7,362.04 = $609,943.46). *See supra*, III(B)(1). Next, the court applies the twenty percent billing judgment deduction ($609,943.46 * (1 - 0.2) = $487,954.77). *See supra*, III(B)(2)(v). Therefore, the court concludes that a reasonable attorneys' fee award of $487,954.77 is appropriate.

## IV. CONCLUSION

For the reasons given above, Giese's motion for attorneys' fees (Dkt. 72) is GRANTED. The court awards Giese reasonable attorneys' fees in the amount of $487,954.77.

Signed at Houston, Texas on July 1, 2022.

_____
Gray H. Miller
Senior United States District Judge